IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LINDA BURRESS                                                                                               PLAINTIFF

v.                                                           CIVIL ACTION NO. 1:13-cv-00230-GHD-SAA

BELK STORES OF MISSISSIPPI, LLC                                            DEFENDANT

<u>MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION TO REMAND</u>

Presently before this Court is Plaintiff Linda Burress's motion to remand the case to state court [7]. Upon due consideration, the Court is of the opinion that the motion for remand [7] should be denied.

*A. Factual and Procedural Background*

On November 15, 2013, Plaintiff Linda Burress ("Plaintiff") filed a complaint in the Circuit Court of Lee County, Mississippi, against Defendant Belk Stores of Mississippi, LLC ("Defendant") to recover for injuries she sustained as a result of a slip-and-fall incident in the Belk store in Tupelo, Mississippi. Plaintiff alleges that after completing her shopping and while waiting for the checkout line to thin, she approached clothing racks to view the items for sale, and that subsequently, the negligently maintained racks collapsed and fell upon Plaintiff without warning, causing her to sustain injuries. In her state-court complaint, she seeks compensatory damages in the amount of $300,000.

On December 2, 2013, Defendant filed a notice of removal [1]. On December 24, 2013, Plaintiff filed the present motion to remand [17] the case to state court. Defendant then filed a response. Plaintiff did not file a reply, and the time for filing a reply is now past. The motion to remand [7] is thus ripe for review.

1

*B. Standard of Review*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, according to the removal statute, "[a] defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1441(a)). A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The party who seeks to remove the case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted).

*C. Discussion*

As stated, federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Although Plaintiff apparently concedes that complete diversity of citizenship exists between Plaintiff and Defendant, she contends that remand is warranted because the jurisdictional amount in controversy is not satisfied. Specifically, Plaintiff maintains that although her state-court complaint includes a prayer for relief in the amount of $300,000, this

amount was inadvertently stated. Plaintiff maintains that she actually does not seek damages in excess of $70,000, and she attaches to her motion for remand an affidavit to that effect. Plaintiff thus maintains that removal is improper and remand is warranted.

Defendant argues that the law is well established that the amount in controversy for diversity jurisdiction is measured when the state-court complaint is filed and when the notice of removal is filed. Defendant further argues that because on both applicable dates Plaintiff sought damages in the amount of $300,000, the jurisdictional amount in controversy is established. Defendant thus maintains that removal is proper and remand is not warranted.

A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). As Defendant correctly states, the amount in controversy is determined at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). In the case *sub judice*, the complaint's *ad damnum* clause provides that Plaintiff seeks damages in the amount of $300,000. Thus, the face of the complaint indicates that the amount in controversy exceeds the jurisdictional threshold.

Courts may consider post-removal affidavits in determining the amount in controversy at the time of removal if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores a Pequena Escala O. Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)).

However, as in the case *sub judice*, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *See id.* (internal citations omitted). This Court's diversity jurisdiction was established at the time of removal, because complete diversity of citizenship was present between Plaintiff, a Mississippi citizen, and Defendant, a North Carolina citizen, and the jurisdictional amount in controversy was satisfied by the state-court complaint's *ad damnum* request of $300,000 in damages. Accordingly, Plaintiff's subsequent affidavit reducing the amount requested to below $70,000 does not deprive this Court of diversity jurisdiction. Removal is proper, and remand is not warranted.

*D. Conclusion*

In sum, Plaintiff's motion to remand to state court [7] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 11 day of August, 2014.

SENIOR JUDGE