IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LINDA BURRESS                                                               PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:13-cv-00230-GHD-SAA

BELK STORES OF MISSISSIPPI, LLC                                             DEFENDANT

## MEMORANDUM OPINION GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant Belk Stores of Mississippi, LLC's motion for summary judgment [32]. Upon due consideration, the Court finds that the motion should be granted.

*A. Factual and Procedural Background*

On November 15, 2013, Plaintiff Linda Burress ("Plaintiff") filed a complaint in the Circuit Court of Lee County, Mississippi, against Defendant Belk Stores of Mississippi, LLC ("Defendant"). Plaintiff alleges that while she was shopping at the Belk department store in Tupelo, Mississippi on November 23, 2012, the Friday after Thanksgiving and the day commonly known as Black Friday, a clothing rack fell on her, causing her to sustain injuries. Plaintiff maintains that Defendant negligently constructed and erected the rack and/or failed to provide her a safe shopping environment, and thus, that Defendant breached the duty it owed to her as a Belk shopper and is liable to her for compensatory damages. *See* Pl.'s Compl. [2] ¶¶ 5–10; Def.'s Mot. Summ. J. [32] at 1; Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [38] at 1.

Defendant filed an answer [3] to the complaint [2]. Plaintiff then filed a motion to remand [7] the case to state court. This Court subsequently denied the motion in an Order [12]

1

and memorandum opinion [13] dated August 11, 2014, finding that the exercise of diversity jurisdiction was proper.

On April 8, 2015, Defendant filed the present motion for summary judgment [32] on Plaintiff's claims. Plaintiff filed a response, and Defendant filed a reply. In addition, the Court held a hearing on the motion for summary judgment [32] on Wednesday, June 10, 2015, during which time the Court allowed the parties an opportunity to present oral argument on the issues presented in the motion for summary judgment [32].

### B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548;

*Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is axiomatic that in ruling on a motion for summary judgment "[t]he evidence of the nonmovant is to be believed[ ] and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, —— U.S. ——, ——, 134 S. Ct. 1861, 1863, 188 L. Ed. 2d 895 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)); *see, e.g., Ard v. Rushing*, 597 F. App'x 213, 217 (5th Cir. 2014) (per curiam) (quoting *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (on summary judgment, " '[w]e view the evidence in the light most favorable to the non-moving party' ")). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 F. App'x 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Cotton*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505); *see Stewart v. Guzman*, 555 F. App'x 425, 430 (5th Cir. 2014) (per curiam) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (In ruling on a summary judgment motion, "[w]e neither engage in credibility determinations nor weigh the evidence.")). With the foregoing standard in mind, the Court turns to the issues before it.

3

## C. Discussion

Defendant maintains that Plaintiff's claims for negligent construction and premises liability should be dismissed because Plaintiff has failed to substantiate her allegations. Defendant contends that the negligent construction claim should be dismissed because Plaintiff has failed to present proof that Defendant either constructed or erected the subject clothing rack. Defendant further contends that the premises liability claim should be dismissed because Plaintiff has failed to present proof either that Defendant knew the subject clothing rack would fall or that Defendant failed to take any action to prevent the subject clothing rack from falling. In support of its contentions for dismissal, Defendant cites to and attaches Plaintiff's responses to Defendant's interrogatories, wherein Plaintiff apparently did not identify facts showing that Defendant either constructed or erected the subject clothing rack, stated that she did not know what wrong Defendant or its employees had committed that contributed to the subject clothing rack falling upon her, and stated that neither she nor anyone on her behalf had conducted an investigation into the facts and circumstances surrounding the subject incident. *See* Pl.'s Suppl. Answers to Def.'s First Set of Interrogs. [32-2] at 1–2. Defendant further cites to and attaches Plaintiff's deposition testimony, wherein Plaintiff stated she had no knowledge of who manufactured or designed the subject clothing rack, that she had not talked with anyone at Belk regarding when the rack was installed or used, and that she had no knowledge of any wrong Defendant committed that contributed to or caused the subject clothing rack to fall. *See* Pl.'s Dep. [32-3] at 6, 7. Defendant attaches to its summary-judgment motion a copy of Plaintiff's complaint, Plaintiff's deposition, and Defendant's answer to the complaint.

Plaintiff argues in response: "Due to the facts of the case, Plaintiff has had a difficult time providing answers that comply with the phrasing of Defendant's interrogatories." Pl.'s Resp.

4

Opp'n to Def.'s Mot. Summ. J. [38] at 1. Plaintiff further argues that she urges her claims under the doctrine of *res ipsa loquitur* (a theory not pled in her complaint) and argues in support the following: "Defendant had complete control and management of the rack that caused the injury to Plaintiff" and "situated the rack in the store and loaded it with clothes, which, subsequently, was the proximate cause of the rack falling apart and hurting Plaintiff"; "Plaintiff had no reason to think a clothing rack would fall apart and strike her in the head while she was shopping, nor would she have reasonably had that expectation"; "the rack would not have fallen apart, injuring Plaintiff, if proper care had been taken by Defendant"; and "the injury sustained by Plaintiff was in no way caused by a voluntary act on her behalf," as according to her deposition testimony, Plaintiff "placed the boots she was going to purchase on the floor next to the rack and . . . had no direct contact with the rack before it collapsed on her." Pl.'s Mem. Br. Supp. Resp. Opp'n to Def.'s Mot. Summ. J. [39] at 3. Plaintiff further argues that "Defendant owed Plaintiff a duty of reasonable care to maintain the clothing rack that fell apart and injured Plaintiff" and that "there is clearly a dispute in the facts between Plaintiff and Defendant" that renders summary judgment inappropriate. *Id.* at 4. Aside from a passing reference to Plaintiff's own deposition testimony, Plaintiff presents no proof to support her allegations.

Defendant contends in reply that the doctrine of *res ipsa loquitur* does not apply in this case because Plaintiff has failed to show that Defendant had exclusive control of the subject clothing rack. Defendant further contends that such a theory is not tenable, as the rack was on the sales floor with many shoppers around it on Black Friday. Finally, Defendant maintains that Plaintiff has failed to demonstrate a breach of duty. Thus, Defendant maintains that no genuine dispute of material fact remains on Plaintiff's claims and the same should be dismissed as a matter of law.

In the opinion of the Court, Defendant has met its responsibility of "informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact." *See Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. 2548. Thus, the burden has now shifted to Plaintiff to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *See id.* at 324, 106 S. Ct. 2548. Although this Court must make all reasonable inferences in Plaintiff's favor, she "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Thomas*, 595 F. App'x at 380.

A plaintiff bringing a negligence claim under Mississippi law "must prove by a preponderance of the evidence that the defendant owed her a duty, the defendant breached that duty, a causal connection between the defendant's conduct and her injuries, and damages." *Dorsey v. Simon Prop. Grp., L.P.*, 378 F. App'x 476, 478 (5th Cir. 2010) (per curiam) (citing *Simpson v. Watson*, 14 So. 3d 86, 88 (Miss. Ct. App. 2009)). A business owner's duty depends on the plaintiff's status as an invitee, licensee, or trespasser. *Leffler v. Sharp*, 891 So. 2d 152, 156–57 (Miss. 2004). "Under Mississippi law, a store owner owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions that are not readily apparent." *Kern v. Wal-Mart Stores, Inc.*, 174 F.3d 198, 1999 WL 153013, at *2 (5th Cir. Feb. 25, 1999) (per curiam) (citing *Fulton v. Robinson Indus., Inc.*, 664 So. 2d 170, 175 (Miss. 1995)). However, "[a] business operator is not an insurer against all injuries." *Id.* (citing *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (summarizing Mississippi law)). "Conduct is reasonable if it is fair, proper, just, or suitable under the circumstances, and there is no liability for conduct from which no

6

unreasonable risk was to be anticipated." *Id.* (citing *Evans v. United States*, 824 F. Supp. 93, 97 (S.D. Miss. 1993)). "[M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent." *Lindsey*, 16 F.3d at 618 (citing *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). "To prove that the operator was negligent, the plaintiff must show either [1] that the operator caused the dangerous condition, or, [2] if the dangerous condition was caused by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous condition." *Id.* (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992); *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986)). "Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition." *Id.* (citing *Fleming*, 597 So. 2d at 1284).

Plaintiff attempts to undergird her claims with the doctrine of *res ipsa loquitur*. "The doctrine of *res ipsa loquitur* is a form of circumstantial evidence 'that allows negligence to be inferred in certain fact situations.'" *Dorsey*, 378 F. App'x at 479 (quoting *Winters v. Wright*, 869 So. 2d 357, 363 (Miss. 2003)). "To apply the doctrine, the plaintiff must prove: (1) the defendant had control and management of the instrumentality that caused the injury, (2) the injury is one that 'in the ordinary course of things [ ] would not occur if those in control of the instrumentality used proper care,' and (3) the injury was not the result of the plaintiff's own voluntary act." *Id.* (quoting *Powell v. Methodist Health Care-Jackson Hosps.*, 876 So. 2d 347, 349 (Miss. 2004)). However, under Mississippi law, "the doctrine of *res ipsa loquitur* is inapplicable in premises liability cases" and slip-and-fall cases. *Lindsey*, 16 F.3d at 618 (citing *Tisdale*, 185 So. 2d at 917); *Douglas v. Great Atl. & Pac. Tea Co.*, 405 So. 2d 107, 111 (Miss.

1981); *Tisdale*, 185 So. 2d at 917. Thus, *res ipsa loquitur* is inapplicable to Plaintiff's claims. Furthermore, even if the doctrine could somehow apply to the facts of this case, Plaintiff has failed to demonstrate key elements of *res ipsa loquitur*: that Defendant had control and management of the clothing rack that fell upon Plaintiff and that the rack could <u>only</u> have fallen on her due to Defendant's negligence. *See Dorsey*, 378 F. App'x at 479. These deficiencies are fatal to her *res ipsa loquitur* theory.

Because Plaintiff's claims cannot prevail under a *res ipsa loquitur* theory, to survive summary judgment, Plaintiff must offer proof on the customary negligence elements. Although it is "generally true" that negligence cases "require the trier to pass upon the reasonableness of the defendant's conduct in determining whether that conduct constitutes negligence," this is only the case when "the plaintiff has produced, with respect to each element of his cause of action, competent proof that will withstand summary judgment." *Lindsey*, 16 F.3d at 618. Under Mississippi law, "the plaintiff [must] demonstrate that the dangerous condition was the result of an affirmative act of the proprietor." *Id.* (citing *Tisdale*, 185 So. 2d at 917).

Plaintiff states her <u>belief</u> that "Defendant had complete control and management of the rack that caused the injury to Plaintiff" and "situated the rack in the store and loaded it with clothes, which, subsequently, was the proximate cause of the rack falling apart and hurting Plaintiff." However, Plaintiff offers no evidence of an affirmative act on the part of Defendant that caused the subject clothing rack to fall. Nor has she provided evidence of any knowledge or constructive knowledge on the part of Defendant as to the condition of the rack or of Defendant's role in the construction of the rack. "Reli[ance] on mere allegations and speculation" is insufficient to carry negligence claims past summary judgment. *See Patterson v. T.L. Wallace Constr., Inc.*, 133 So. 325, 332 (Miss. 2013). Also, the mere fact that Plaintiff sustained an

8

injury while she was on Defendant's premises is not sufficient to sustain her case past summary judgment. *See Lindsey*, 16 F.3d at 618. Due to the lack of proof on the elements of her premises liability and negligent construction claims, summary judgment in favor of Defendant is appropriate. *See Saucier v. Wal-Mart Stores, Inc.*, 55 F.3d 633, 1995 WL 314416, at *2 (5th Cir. May 12, 1995) (per curiam); *Lindsey*, 16 F.3d at 618–19; *Odom v. Wal-Mart Stores E., LP*, No. 2:12–CV–98–KS–MTP, 2013 WL 1310509, at *2 (S.D. Miss. Mar. 28, 2013).

*D. Conclusion*

In sum, because there is no genuine dispute of material fact on Plaintiff's claims, the same must be dismissed as a matter of law. Defendant's motion for summary judgment [32] is GRANTED; Plaintiff's claims are DISMISSED; and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of June, 2015.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE